SLEET, Judge.
Betty E. New appeals a final administrative order denying her request for senior management service class (SMSC) benefits in the Florida Retirement System (FRS) from July 1, 2004, to her retirement date of June 30, 2015. Because the Department of Management Services (Department) in 2003 designated and approved Ms. New as eligible for SMSC class status retroactive to the date of her hiring in 2002, the Department could not impair or reduce Ms. New's retirement benefits, including SMSC class eligibility, based solely on the 2004 transfer of functions from local to State government, and we therefore reverse.
On February 1, 2002, Ms. New began her employment as court counsel for the Sixth Judicial Circuit. Through an interlocal agreement Ms. New was under the supervision and control of the chief judge of the Sixth Judicial Circuit, but her salary and benefits were paid by Pinellas County. In 2002, the court counsel position was designated in the Regular Class of the FRS. In March 2003, Pinellas County filed a formal request to the Department to add Ms. New to the SMSC of the FRS. The request was granted by the Department retroactive to her hire date of February 1, 2002.
On July 1, 2004, the funding for the position of court counsel for the Sixth Judicial Circuit was transferred by operation of law from Pinellas County to the State of Florida. When the funding for the court counsel position was transferred from Pinellas County to the State, Ms. New's employment functions, duties, and responsibilities did not change. However, the Department informed Ms. New that her prior designation and approval in the SMSC was *1156 terminated, and she was designated into the Regular Class until her retirement in 2015. In August 2004, when Ms. New sought to challenge the class reduction, she was instructed to wait until she retired to challenge it. Ms. New's retirement benefits were reduced by approximately $4800 annually because she was denied eleven years of SMSC credit.
Upon retirement, Ms. New requested the Department award her SMSC credit for the period July 1, 2004, to June 30, 2015. The Department denied her request and asserted that she had been an employee of the State Court System since July 1, 2004, and that Florida law did not expressly provide SMSC eligibility for her court counsel position.
Ms. New requested a formal hearing, and the Department referred the matter to the Division of Administrative Hearings. Following a formal hearing, the Administrative Law Judge issued a recommended order, finding that Ms. New had been an employee of Pinellas County from 2002 to 2004 and recommending that Ms. New's request for SMSC benefits be denied for the period of July 1, 2004, to June 30, 2015. The Department adopted the recommended order, finding that for FRS purposes Ms. New had been an employee of Pinellas County from 2002 to 2004 and an employee of the State Courts System from 2004 to 2015, making her eligible only for Regular Class member retirement benefits for 2004 to 2015. In other words, Ms. New was denied SMSC status because the entity handling her retirement benefits and issuing her paycheck had changed. Ms. New timely appealed to this court.
"Generally, an appellate court will uphold an agency decision if it is supported by competent, substantial evidence." Bridlewood Grp. Home v. Agency for Persons with Disabilities, 136 So.3d 652, 655 (Fla. 2d DCA 2013). Deference is given to an agency's interpretation of the statute it is charged with enforcing. Verizon Fla., Inc. v. Jacobs, 810 So.2d 906, 908 (Fla. 2002). But a court will depart from an agency's construction of the statute it is charged with enforcing when the construction is "clearly erroneous." Id. (quoting PW Ventures, Inc. v. Nichols, 533 So.2d 281, 283 (Fla. 1988) ).
The sole issue is whether the Department erred by denying Ms. New's request for FRS SMSC service credit for the period of July 1, 2004, through June 30, 2015, because her employer changed as a result of the transfer of functions between state and local county government. Resolution of this issue is controlled by the Florida statutes applicable to FRS beneficiaries.
Section 121.055(1)(h)(1), Florida Statutes (2002), provides that
participation in the Senior Management Service Class shall be compulsory for the State Courts Administrator and the Deputy State Courts Administrators, the Clerk of the Supreme Court, the Marshal of the Supreme Court, the Executive Director of the Justice Administrative Commission, the Capital Collateral Regional Counsels, the clerks of the district courts of appeal[ ], the marshals of the district courts of appeal[ ], and the trial court administrator and the Chief Deputy Court Administrator in each judicial circuit.
The court counsel position for the circuit courts is not expressly included in this category. However, the Department, in its discretion, can designate additional positions for inclusion in the SMSC when those positions are designated by a local agency. § 121.055(1)(b). And the Department did just that in 2003 when it granted the request from Pinellas County to include Ms. New in the SMSC. Additionally, section 121.055(2)(a) provides in pertinent part that once a public employee is designated into the SMSC,
*1157 [p]articipation in this class shall cease when the member terminates employment in an eligible position. Once a position is designated as eligible for inclusion in the [SMSC], that position shall not be removed from the class unless the duties and responsibilities of the position change substantially and therefore no longer meet the requirements provided in this section for participation in the class.
It is the Department's position that Ms. New terminated her employment from Pinellas County on June 30, 2004, when funding for her position transferred from Pinellas County to the State of Florida. The Department maintains that Ms. New started a new position as a State Court System employee on July 1, 2004, and that her eligibility for SMSC terminated pursuant to section 121.055(1)(h)(1) because it does not provide for SMSC status for her position as court counsel. Ms. New, however, argues that because her job functions and duties remained the same, the transfer of the funding for her position from Pinellas County to the State in 2004 did not operate as a termination of her employment and that the Department was prohibited by Florida law from reducing her retirement benefits.[1] We agree.
Section 112.0515, Florida Statutes (2004), provides that it is
the policy of this state that in any consolidation or merger of governments or the transfer of functions between units of governments either at the state or local level or between state and local units, the rights of all public employees in any retirement or pension fund shall be fully protected. No consolidation or merger of governments or governmental services, either state or local, accomplished in this state shall diminish or impair the rights of any public employee in any retirement or pension fund or plan which existed at the date of such consolidation or merger and in which the employee was participating, nor shall such consolidation or merger result in any impairment or reduction in benefits or other pension rights accruing to such employee.
Pension statutes must "be liberally construed in favor of the intended recipients." Scott v. Williams, 107 So.3d 379, 384-85 (Fla. 2013) (quoting Bd. of Trustees of Town of Lake Park Firefighters' Pension Plan v. Town of Lake Park, 966 So.2d 448, 451 (Fla. 4th DCA 2007) ). Section 121.055(1)(h)(1) alone does not resolve this issue because it does not address the transfer of functions between the state and local governments or the change in the employer of a public employee enrolled in FRS and eligible for SMSC. And once Ms. New was designated into SMSC, her eligibility could not be impaired or reduced until she retired. See § 121.055(2)(a). Her designation into SMSC rendered section 121.055(1)(h)(1) inapplicable and triggered the protections of sections 112.0515 and 121.055(2)(a) because her duties and responsibilities did not change. Her employment position underwent a seamless transition, and her "termination" from Pinellas County appeared to be pro forma for administrative bookkeeping and did not act to terminate her eligibility. Section 112.0515 was enacted to protect the rights of those public employees who are deemed eligible for FRS retirement benefits. The transfer of functions from Pinellas County to the State for purposes of funding Ms. New's salary and retirement benefits cannot by itself impair or reduce her benefits or other pension rights accruing to her.
Accordingly, we reverse the Department's administrative order and remand *1158 with instructions for the Department to award SMSC credits to Ms. New for the time period of July 1, 2004, to June 30, 2015.
Reversed and remanded with instructions.
NORTHCUTT and BADALAMENTI, JJ., Concur.

As further evidence of this, Ms. New points to the fact that the Department offered to move her unused leave accrued prior to the transfer into her State account.